## JANE M. HOLMES

*v.*

## ROSWELL W. HOLMES.

1. In the allowance of permanent alimony to a wife after divorce, the business capability of the husband may be taken into account.

2. Where the husband (a non-resident) is the owner of valuable real estate here on which he fails to pay the taxes and interest on the encumbrances, a receiver may be appointed unless he gives satisfactory security for such payments.

Exceptions to master's report of alimony.

*Mr. W. H. Francis*, for exceptant.

*Mr. A. Q. Keasbey, contra.*

THE CHANCELLOR.

The master has reported that $2,500 per annum should be decreed to the complainant as permanent alimony, and that she should receive $1,500 for the maintenance, clothing and education of the two minor children of the parties ($750 in respect to each), until they respectively attain to their majority. Those children live with the complainant, and she is entitled to the custody of them. The defendant

excepts to the report, mainly on the ground that the allowance is excessive. The proof taken before the master shows that the defendant is the owner of a large amount of very valuable improved real estate in the cities of Newark and Orange. The master finds that the present gross value of this property is $175,000. It is subject to the encumbrance of mortgages on which decrees in foreclosure have been obtained in this court, and execution issued thereon. The master finds that the present gross annual income from it is $7,800, and estimates the future probable gross income at $12,500. It is not all occupied now. From the probable future gross income he deducts $6,500 per annum for repairs, taxes, insurance, interest on the mortgages, &c., &c. The amount of the encumbrances now on the property, including costs of suit, is about $50,000. Against this amount, however, there stands the sum of $30,000, realized by the defendant from the sale of other very valuable real property in Newark. For this sum he does not attempt to account, although it was agreed between him and his wife when she joined him in making the conveyance, that it should be applied in full to the payment of the mortgages upon the rest of the property. No part of it has, in fact, been so applied. It appears, also, by the proof, that he has designedly omitted to pay the interest on the mortgages, and has so brought about the foreclosure thereof expressly in order that he might thus be enabled to get the proceeds of the sale of the property, after payment of the encumbrances, into his hands, and so facilitate his escape from coercive proceedings for the support of his family, with whom he has been for some time at variance. If the amount realized from the sale of property, as above mentioned, were applied, as it should have been, to the encumbrances, the value of the real property now owned by him would, at this time, even in the depressed condition of the real estate market, be $145,000 over and above the encumbrances. The amount of the defendant's personal property does not fully appear. It does appear, however, that he

Holmes v. Holmes.

owns a costly yacht, built and used by him for his own pleasure, and has valuable ·furniture.  He is about fifty years of age, and seems to be fully capable of doing business successfully.  The master, in fixing the alimony, took into account the income which the defendant could derive from his personal services in attention to business.  Though it was urged in the defendant's behalf on the argument of the exceptions, as a reason why that element should not have entered into the calculation, that he is infirm in body—that infirmity is congenital, and he has, notwithstanding it, for years engaged in and prosecuted business so successfully that, with the aid of his wife, he has, from a very small beginning, acquired a handsome competence, entirely by means of business pursuits.  That his infirmity is not such as to prevent him from engaging in business is evidenced by the fact that it does not hinder him from engaging in aquatic sports, in which he is one of the acknowledged leaders.  He did not undertake to give an account of his property before the master, and did not submit himself to examination there.  No injustice is done to him by accepting the estimates made by the master, and on which he has based his recommendation.  The proof is that the complainant has contributed to a very great and (for a wife) unusual extent to the acquisition of the property which the defendant owns; that she has constantly attended to the business in almost every way, and that to her industry and assiduity, her economy and self-sacrifice, the defendant's success in business is, to a very great degree, attributable. He has been adjudged in this cause guilty of infidelity to his marriage vows, and a divorce has been decreed accordingly.  It is but just that his wife should receive from the estate which is, to so great an extent, the result of her own labor and self-denial through many years, a reasonable amount for her support.  The sum awarded by the master appears to have been carefully and judiciously fixed.  It does no injustice to the defendant.  The award for the support and education of the minor children is based on the

agreement on which a decree by consent was entered between the parties in the previous suit brought by the complainant for alimony, by which she was to receive from the defendant a stipulated sum for her support, and theirs also. That decree was in full force when the bill in this cause was filed. Moreover, no objection is made to the report on the ground that allowance is ordered for the support of the children, but only as to the amount of the allowance, that it is excessive. The exceptions will be overruled. The payments will commence from the date of the decree of divorce, and the defendant will be credited on the alimony with any money which he may have paid under the order for temporary alimony in respect of time subsequent to that date. The alimony and the other payments hereby directed to be made will be charged on the defendant's real property. He has ceased to reside in this state, and has not only left the interest on the encumbrances on the property unpaid, but also the taxes. There will be a receiver unless he shall give satisfactory security for the payment of the taxes and the interest due on the mortgages, and costs and execution fees in the foreclosure suits, in twenty days from the filing of the decree which may be made on this decision.