DORA ROBINS, complainant-respondent,

*v.*

DAVID ROBINS, defendant-appellant.

[Submitted October 24th, 1929.   Decided May 19th, 1930.]

*Messrs. Gross & Gross* (*Benjamin Gross*, of counsel), for the complainant-respondent.

*Messrs. Grossman & Grossman* (*Robert D. Grossman*, of counsel), for the defendant-appellant.

The opinion of the court was delivered by

McGLENNON, J.

The defendant, David Robins, a physician, has appealed from a final decree of the court of chancery, fixing alimony and counsel fees, and directing him to pay complainant, his wife, the amount of a judgment recovered by her against him, in the supreme court of the State of New York. The appeal is from so much of the decree, as directed the defendant to pay to the complainant, or to her solicitors, the weekly sum of $30 per week, as well as the costs of the suit, and in addition thereto the sum of $500 as a counsel fee for the counsel of said complainant.

The petition of appeal alleges the decree to be erroneous, in that it appears, by the testimony taken before a special master of the court of chancery, that defendant's total income amounts to approximately $40 per week, and that the allowance so made for alimony and counsel fees, is out of all proportion to the defendant's ability to pay. It is further specified, that the weekly allowance erroneously includes an award, for the support and maintenance of the daughter of the parties hereto, who is twenty-two years old.

This latter contention is not sustained by the fact. While it is true, that the master recommended an allowance of $40 per week for both the wife and daughter, a further examination shows that this amount was reduced to $30 per week. The decree, which is appealed from, merely directs payment of $30 per week to the complainant wife or to her solicitors, and does not order or direct the use of any portion of that specified sum for the support of the daughter. It does not constitute, therefore, an award in her favor, and the question here for consideration is, whether the allowance of $30 per week to complainant should be sustained. This requires an examination of the testimony.

These parties have been married over twenty years, and have two children, a daughter twenty-two years of age, and a son twenty years old. For several years past, they have been engaged in litigation, in the State of New York, and a decree was made in 1929, by the supreme court of that state, award-

ing $55 per week,.for the support of the wife and her two then infant children. Defendant fell into arrears in such payments, and later went to Mexico, where he procured a decree of divorce. He then returned to New Jersey, where he subsequently married the woman with whom he is now living, at 94 Hawthorne avenue, Newark.

· The court of chancery held the Mexican divorce decree invalid because of fraud, and made the present award. Payments under this order are now in arrears. In June, 1928, Vice-Chancellor Bentley awarded the sum of $50 per week for complainant and daughter, and these payments were not kept up. The court below, notwithstanding these defaults, has again reviewed the matter, resulting in the present decree.

Defendant testified that since moving to Newark he has not been earning over $3,100 per year, and has been compelled to borrow some $2,500 in addition. This testimony is self-interested, and is not satisfactorily vouched for, or corroborated. Further, it is admitted that defendant has been a practitioner of over twenty years experience, and that in New York City he had a very lucrative practice, estimated at $40,000 per year. He claims this earning power has been greatly diminished, by reason of his marital troubles, but the resolute fact nevertheless remains, that he voluntarily abandoned the field, where he was so professionally and financially successful. It may, therefore, be reasonably inferred from the foregoing history, that his removal from the scene of his revealed prosperity, was largely inspired by his determined intention and desire, to evade his legal obligations towards the complainant.

At all events, in determining the matter of alimony to be awarded, the court may take into consideration, not only the husband's property and income, but also his capacity to earn money from personal attention to busineess. If it were otherwise, a husband, by deliberate intent or disinclination to work, might defeat or avoid his marital obligation of support.

Years ago, Chancellor Runyon, in *Holmes* v. *Holmes, 29 N. J. Eq. 9,* held that in fixing permanent alimony, the business capability of the husband may be taken into account. And Vice-Chancellor Grey, in *Furth* v. *Furth, 39 Atl. Rep.*

*128,* said that the mere fact that the husband presently has no money, does not discharge him of the duty to support his wife, though it may be some excuse for a present failure, and that the duty is continuous, and is not dependent upon his prosperity.

This court, in *Dietrick* v. *Dietrick, 88 N. J. Eq. 560,* has said:

"No rigid standard can be set up whereby to measure in every case, the amount of permanent alimony for the support of the wife, but it is usually about one-third of the husband's income. The amount is not fixed solely with regard, on the one hand, to the actual needs of the wife, nor, on the other, to the husband's actual means."

The main contention of appellant is, that the court should have applied the usual ratio to the amount of income admitted by the husband, in the absence of concrete proof of a larger actual income. We have, however, shown that many other factors are to be considered, and here it appears that defendant is a physician of pronounced skill and long experience, and until his voluntary change of residence, and the procurement of a fraudulent divorce decree, he gave conclusive evidence of his capability of large earnings, from a constant devotion and a strict attention to his practice. It further appears, that somehow or in some way, he presently manages on his small income, to maintain a large household of five persons, to whom he is not obligated. His first duty, in our opinion, is to his lawful wife.

After due consideration of all the facts and circumstances, adverted to above, we are fully satisfied that the weekly allowance awarded to complainant, was not only entirely reasonable, but also completely justified, and consequently should not be disturbed.

The decree appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.