On October 31st, 1940, a decree nisi was entered in the Court of Chancery granting a divorce to the respondent wife from her appellant husband on the ground of his adultery, and a final decree was entered thereon three months later. The decree nisi
ordered appellant to pay the sum of $25 per week for respondent's support and maintenance, until the further order of the court, and a counsel fee of $500, without costs. The provisions for alimony and counsel fee were consented to by the parties in open court. *Page 361 
On February 11th, 1943, the appellant filed a petition praying that the order contained in the decree nisi be modified because of his inability to make the payment required thereby and that respondent be restrained from proceeding further with her execution issued on a judgment obtained by her against appellant for arrearages of alimony amounting to $275. At the hearing counsel for appellant asked that the alimony be reduced to $12 per week.
Appellant practices dentistry in New York City and Weehawken, New Jersey, and is an assistant professor in the Dental College of New York University. He claims that when he consented to the alimony award he was in receipt of a net income of $5,060 per year from his dental practice, and his salary as assistant professor, but that during the month of July, 1942, he was unable to make the payments on the alimony as he was ordered to do by the Court of Chancery; that his income dropped considerably and he was compelled to pay respondent irregularly as his money was collected.
He testified that the gross income from his dental offices during the ten month period from July 1st, 1942, to April 30th, 1943, was $6,436.12, or an average of $643.61 a month, and the net income was $750.09, or an average of $75 a month, which, with his salary as assistant professor, gave him an average monthly net income of $181.06. It was conceded that appellant had an interest in his father's estate worth $5,000 and that his equity in certain life insurance policies was $1,000.
The learned advisory master was of the opinion that from the proofs, which came solely from the appellant, there would seem to be something radically wrong with his business methods or accounting if out of the gross income of $6,436.12 he received during a ten month period, he could net only $750.09 from his practice. This was a net return of less than 12% and seemed to the advisory master grossly disproportionate. In this we concur.
The advisory master, in his conclusions, said:
"The burden is on defendant to prove that the present alimony provision, to which he consented, is excessive. The net income figures tend to support his contention, but in *Page 362 
this particular case more importance should be attached to his earning capacity. In the light of that, defendant has not sustained the burden of proof.
"With his admitted net income and his capital assets, defendant should be able to meet his obligations to petitioner until the time that he puts his practice on a more businesslike basis. He has not convinced the court that he is doing his best to get a reasonable net return from his practice. He cannot expect petitioner to give up her alimony because his gross earnings are substantially dissipated."
There was nothing in the proofs to show that respondent's needs had changed since the entry of the decree nisi.
This court said in Robins v. Robins, 106 N.J. Eq. 198, that "in determining the matter of alimony to be awarded, the court may take into consideration, not only the husband's property and income, but also his capacity to earn money from personal attention to business. If it were otherwise, a husband, by deliberate intent or disinclination to work, might defeat or avoid his marital obligation of support."
Our examination of the proofs presented in this case convinces us that the decree entered in the court below dismissing appellant's petition was justified, and that the allowance of a counsel fee of $100 to the solicitor of the respondent was reasonable and proper.
The decree is, therefore, affirmed.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.
 For reversal — None. *Page 363