118 N.J. Super. 332 (1972)
287 A.2d 467
STEPHEN J. PAINTER, PLAINTIFF,
v.
JOAN PAINTER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 16, 1972.
*334 Mr. Monroe Ackerman for plaintiff (Messrs. Rudd, Ackerman, Breitkopf & Leibowitz, attorneys).
Mr. William F. Tompkins for defendant (Messrs. Lum, Biunno & Tompkins, attorneys).
CONSODINE, J.C.C. (temporarily assigned).
There remains the question of equitable distribution of property legally and beneficially acquired by them or either of them during the marriage. N.J.S.A. 2A:34-23.
Plaintiff's total assets are approximately $230,509, in stocks and cash, in a half-interest in the tenancy by the entirety, and in furnishings and fixtures of the home. Of this, $142,937.50 was owned prior to marriage, inherited or came by way of gift. The one-half interest in the tenancy by the entirety is valued at $21,750 and the one-half interest in the furnishings and fixtures of the home at $5,000.
Defendant's total assets are approximately $99,709 in stocks and cash. Of this, $35,000 was owned prior to the *335 marriage or came by way of gift. Of the balance, her interest in the realty is $21,750, in the furnishings and fixtures of the home $5,000, and in jewelry $1,510, the appraisal value.
The personal factors relevant to this particular case that must be considered are: (1) the marriage is now nearly 19 years in duration; (2) the parties lived together 14 of these years; (3) the three children are 16, 14 and 9 years of age; (4) they will continue to live with defendant; (5) defendant is recovering from a recent operation for cancer, and (6) her prognosis must be deemed guarded.
Our statutory provision concerning distribution of property is desolate of factors to be considered by a court. In this regard it is not unlike the statutes of other jurisdictions and not dissimilar to the amendment of 1923 to our Divorce Law which made extreme cruelty (in those two words) a ground for divorce, without definition except as our courts thereafter might define. See Capozzoli v. Capozzoli, 1 N.J. 540 (1949); Stutz v. Stutz, 139 N.J. Eq. 385 (E. & A. 1947).
Our evaluation of determinative factors for consideration, like those of the courts of sister states with like statutes, must be pragmatic and realistic.
We are fortunate to have the benefit of opinions of others.
Guideline criteria over the broad spectrum of litigation in this area include: (1) respective age, background and earning ability of the parties; (2) duration of the marriage; (3) the standard of living of the parties during the marriage; (4) what money or property each brought into the marriage; (5) the present income of the parties; (6) the property acquired during the marriage by either or both parties; (7) the source of acquisition; (8) the current value and income producing capacity of the property; (9) the debts and liabilities of the parties to the marriage; (10) the present mental and physical health of the parties; (11) the probability of continuing present employment at present earnings or better in the future; (12) effect of distribution of assets on the ability to pay alimony and support, and (13) gifts from one spouse to the other during marriage.
*336 Generally see Messer v. Messer, 184 N.W.2d 801 (Minn. Sup. Ct. 1971); Fischer v. Fischer, 139 N.W.2d 845 (N. Dak. Sup. Ct. 1966); MacDonald v. MacDonald, 120 Utah 573, 236 P.2d 1066 (Sup. Ct. 1951); Tischler, "Distribution of Property upon Divorce," 94 N.J.L.J 1109 (1971). See also, Carson v. Carson, 50 Haw. 182, 436 P.2d 7 (Hawaii (Sup. Ct. 1967) (prospects of re-marriage for wife and loss of self confidence of wife).
Our Legislature in the statutory provision used the verb "acquired" in relation to the distribution of the marital assets. The common meaning of the word is "attained by the individual by his own efforts." Webster's Third New International Dictionary, 1965.
The definition would certainly exclude: (1) property secured by gift, bequest, devise or descent; (2) property acquired in exchange for property secured prior to the marriage or in exchange for property secured by gift, bequest, devise or descent; (3) property acquired by a spouse after a decree of legal separation; (4) property excluded by valid agreement of the parties, and (5) the increase in value of property acquired prior to the marriage or by gift, bequest, devise or descent. See proposed Uniform Marriage and Divorce Act of National Conference on Uniform State Laws; Tischler, Op. Cit.
As to the guidelines, the admonition of Krohn v. Krohn, 284 Minn. 95, 169 N.W. 389 (Minn. Sup. Ct. 1969), that each case must be considered in the light of its own particular facts, with little to be gained by attempting to arrive at a result on a basis of comparison of property distributions in other cases, is pertinent.
In the instant case the application of the exclusions would eliminate from plaintiff's available assets those owned prior to marriage and those received by way of inheritance and by gift  and from defendant's available assets property owned prior to marriage and those received by gift.
*337 With the entry of final judgment of divorce the tenancy by the entirety becomes a tenancy in common. Mueller v. Mueller, 95 N.J. Super. 244 (App. Div. 1967); Eberle v. Somonek, 24 N.J. Super. 366 (Ch. Div. 1953). Each party will be entitled to one-half of the agreed appraisal value of $43,500. There are no liens on the realty.
Thus, equitable distribution of property legally and beneficially acquired by the parties or either of them during the marriage would be, in dollar figures, $87,561 of plaintiff's and $64,709 of defendant's.
With the children of the marriage remaining in defendant's custody, the furnishings and fixtures of their residence should go to her, with the exception of personal belongings, and not be considered as an available asset to either party.
Her jewelry, so far as I can ascertain, came from her own purchases and as gifts from her husband in better times. I would not, in this case because the value is small, include it in her available assets for distribution.
The net result of these findings is to reduce plaintiff's $87,571 of available assets to $82,571, and defendant's to $58,199.
Plaintiff has bound himself to be liable for the medical and hospital bills of defendant.
Testimony disclosed that over the five years of separation plaintiff has invaded capital in voluntary and generous support and maintenance of defendant and the children by a considerable yearly sum, - in 1971 it was $9,800.
On the facts before me I will award equitable distribution to defendant of twenty per cent (20%) of the difference between plaintiff's and defendant's available assets - $4,874.
Submit judgment.