121 N.J. Super. 285 (1972)
296 A.2d 661
MARY CAPOZZOLI, PLAINTIFF-RESPONDENT,
v.
VINCENT J. CAPOZZOLI, ALSO KNOWN AS JAMES CAPOZZOLI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 6, 1972.
Decided November 15, 1972.
*286 Before Judges COLLESTER, LEONARD and HALPERN.
Mr. Eugene A. Liotta, attorney for appellant.
Messrs. Shapiro, Berson, Hochberg & Mandel, attorneys for respondent (Mr. George S. Hochberg and Mr. Howard M. Davis, on the brief).
PER CURIAM.
Plaintiff brought suit for a divorce based on a separation of more than 18 months from her husband. N.J.S.A. 2A:34-2(d). Defendant did not contest the divorce but counterclaimed for an equitable distribution of real property owned by plaintiff. The court granted the *287 divorce but denied relief sought by the counterclaim with the exception of $161.79 paid by defendant for taxes on plaintiff's property during 1947 and 1948. Defendant appeals.
The parties were married on September 12, 1926. They have been separated since February 1947 when plaintiff brought an unsuccessful suit for divorce on the ground of extreme cruelty. The only issue of substance raised on this appeal is whether the trial court erred in denying defendant's claim for an equitable distribution of plaintiff's property pursuant to the provisions of N.J.S.A. 2A:34-23. The property consists of a two-family house in which plaintiff resides and an adjoining tract of land located in Berkeley Heights.
The evidence presented in this case shows that plaintiff's mother purchased the two-family house in 1941 for $2,400 and gave it to plaintiff as a gift. The court disbelieved defendant's testimony that he gave plaintiff $2,000 to pay for the house. The property having been secured by plaintiff as a gift was not property acquired during marriage which would be subject to equitable distribution as a marital asset following a divorce within contemplation of the statute. Painter v. Painter, 118 N.J. Super. 332, 336 (Ch. Div. 1972).
The adjoining tract of land was purchased by plaintiff in 1945, over defendant's objections, for $1,000 which she borrowed from her mother and subsequently repaid from her earnings. Plaintiff has lived alone in the house since about 1950. She has supported herself and paid all expenses for the upkeep and taxes on both properties.
We are in full accord with the trial court's decision that defendant is not equitably entitled to any interest in either of plaintiff's properties.
Affirmed.