123 N.J. Super. 566 (1973)
304 A.2d 202
SC, PLAINTIFF,
v.
AC, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 30, 1973.
*567 Mr. Everett M. Scherer for plaintiff (Messrs. Riker, Danzig, Scherer and Brown, attorneys).
Mr. Monroe Ackerman for defendant (Messrs. Rudd and Ackerman, attorneys).
CONSODINE, J.S.C.
Plaintiff divorced defendant on the ground of adultery. There remains the questions of alimony, support of the one minor child, and equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage (N.J.S. 2A:34-23), subject to guidelines and exclusions presently contained in our case law. Painter v. Painter, 118 N.J. Super. 332, 335, 336 (Ch. Div. 1972); Tucker v. Tucker, 121 N.J. Super. 539 (Ch. Div. 1972).
*568 This marriage of some 26 years ended without hope of reconciliation late in 1971 when defendant left with his paramour. Defendant is engaged in a personal service field allied to finance. His income equates with his more than local eminence in this field. It averages a gross of about $130,000 a year over a three-year period. His 1971 gross income before business expenses and income taxes was $153,474.
Plaintiff is now employed at a yearly gross salary of $6,250. Defendant's paramour is employed by his firm at a salary of $30,000 per year. The record is destitute of demonstrated ability or educational background warranting that salary. The inference is clear.
Defendant and paramour have been living together since late in 1971 in a house owned by a corporation whose stock she owns, and on which the down-payment of $10,000 was a gift by him to the corporation. A meretricious relationship has existed between them for about ten years.
The parties have agreed that the marital home and its furnishings and furniture will belong to plaintiff, with payment to defendant by plaintiff of one-half of the appraised values, which are $50,400 and $2,000. Bank accounts in both names will be evenly divided. Gifts of stock and certain monies from her family to plaintiff will remain her property. Painter v. Painter, supra.
The earnings of defendant during the marriage, one way or another, were spent. There is a dearth of tangible or intangible assets available for equitable division.
His ability, however, is an amorphous asset of this marriage in the absence of other assets. It consists of natural ability, undergraduate and postgraduate education, marriage to the daughter of a man of high standing and lucrative income in the area of his professional activity, entree to his office and ultimate partnership, subsequent management of the firm, with advancement in the esteem of his professional peers. These latter phases were during a marriage in which no aspersions, even to the present, were cast at plaintiff as *569 a wife, mother and helpmate, capacities of importance to the young professional man and even more so to one launched in deeper waters by a successful father-in-law. In the amalgam which will continue to earn for defendant for a score or more years there is an asset acquired during the marriage and subject to equitable distribution in a court of equity.
There can be no doubt but that the partnership entity is of great value even though not susceptible of a determinative valuation as is the case with a commercial business. See Blut v. Katz, 36 N.J. Super. 185, 192-194 (App. Div. 1955). I am not making an award based on good will adhering to abilities, skills, or other personal characteristics of the various partners in the partnership entity. Nail v. Nail, 486 S.W.2d 761 (Sup. Ct. Tex. 1972); Hunt v. Street, 182 Tenn. 167, 184 S.W.2d 553 (Sup. Ct. 1945); Finch v. Michael, 167 N.C. 322, 83 S.E. 458 (Sup. Ct. 1914). I refer only to defendant's potential to earn in or out of the partnership as demonstrated by his past record.
The partnership agreement of defendant with his firm requires him to maintain a capital account of $50,000. Additionally, the business has constant accounts receivable of about $900,000 which are subject to certain participating charges and some uncollectability. Defendant's share therein in 1971 was 16.9%. I deem the funds in both categories to be property legally and beneficially acquired by him during the marriage and subject to distribution.
The cost of distribution of an immediate share therein to plaintiff would be the enforced withdrawal of defendant from the partnership, a form of business activity in which he apparently works best, and a plethora of tax problems.
In lieu of the immediate invasion of these assets with destructive consequences to defendant, and so to plaintiff, I allow as equitable distribution thereof $10,000 a year for ten years to plaintiff from defendant. The yearly sum will come to her but taxed to him if there be a tax. Payment will be quarterly at the end of each quarter. Thus there *570 will be no interference in the business affairs of the partnership by plaintiff.
Potential to earn can, on these facts, be considered as property. Holmes v. Holmes, 29 N.J. Eq. 9 (E. & A. 1878); Dietrick v. Dietrick, 88 N.J. Eq. 560 (E. & A. 1917); Robins v. Robins, 106 N.J. Eq. 198 (E. & A. 1929); Hess v. Hess, 134 N.J. Eq. 360 (E. & A. 1944). Defendant, with his constantly increasing record of yearly earnings, could borrow on them. The division of future earnings, again on these facts, are in line with the partnership concept alluded to in Tucker v. Tucker, supra, at 545, and equitable distribution need not be made in a lump sum (at 551).
In making this distribution I forsake making distribution of the other distributable assets of plaintiff and defendant. Those of defendant, excluding proceeds from sale of the home and furniture and furnishings, are about $20,000. Plaintiff's are less as of late 1971.
There still remains the question of alimony, support of a minor son, and vacation quarters, meals and entertainment for the intermediate child.
The needs and income of plaintiff and the income available to defendant and his (as opposed to "their") needs were fully reviewed at trial and pendente lite. I allow $36,000 a year alimony plus $4,000 a year for the support of the minor child, both payable monthly. Defendant will be liable for schooling of the two children over and above monies from the so-called trusts, on the same basis as a similar trust was used for the education of the oldest boy. There are certain life insurance policies on defendant's life, the policies being owned by plaintiff. That being so there is no reason to protect the policies against loan or surrender. I have considered the premiums in the alimony allowance. However, I direct that in the event alimony ceases, defendant be liable for the premiums until their payment is no longer necessary.
The sums set herein are in no way punitive of defendant. I have not considered any increase in alimony because of *571 his conduct to plaintiff. I do not believe that I have the power so to do in the equitable distribution of property acquired by them or either of them during the marriage. Tucker v. Tucker, supra, at 553.