131 N.J. Super. 34 (1974)
328 A.2d 244
ARNOLD G. CARLSEN, PLAINTIFF-APPELLANT,
v.
GLADYS C. CARLSEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1974.
Decided November 6, 1974.
*35 Before Judges LYNCH, ALLCORN and MILMED.
Mr. Joseph Schoenholz argued for appellant.
Mr. Joseph L. Murray, Jr. argued for respondent (Messrs. Morrison & Griggs, attorneys).
The opinion of the court was delivered by LYNCH, J.A.D.
This is an appeal by plaintiff (husband) from a judgment of July 20, 1972, which ordered that plaintiff pay to defendant (wife) $100,000 in full satisfaction of the defendant's claim to equitable distribution and of any claim she may have for alimony and support against plaintiff.
Plaintiff contends that the judgment effecting equitable distribution pursuant to N.J.S.A. 2A:34-23 (effective September 13, 1971) was violative of a separation agreement, later incorporated into a judgment of May 20, 1969, whereby the parties had made their own disposition of their respective assets. Plaintiff contends that he is entitled to specific performance of that agreement and that therefore the judgment ordering equitable distribution under the new statute (N.J.S.A. 2A:34-23) is ineffective to impair his "vested rights" under the prior separation agreement and the releases delivered to him by defendant pursuant thereto.
*36 Plaintiff also contended that N.J.S.A. 2A:34-23 is unconstitutional but now concedes that his contention in that respect has been definitively concluded against him by the decisions in Painter v. Painter, 65 N.J. 196 (1974), and Rothman v. Rothman, 65 N.J. 219 (1974).
The judgment ordering equitable distribution was entered after a "Dual Judgment of Divorce" in favor of each of the parties pursuant to the "new" Divorce Act embodied in N.J.S.A. 2A:34-1 et seq.
The separation agreement between the parties, confirmed by the judgment of May 20, 1969, was specifically enforceable so long as it was "just and equitable." Schlemm v. Schlemm, 31 N.J. 557 (1960); Berkowitz v. Berkowitz, 55 N.J. 564 (1970). We conclude that the enactment of N.J.S.A. 2A:34-23 does not affect that standard of enforceability.
However, in the entry of the judgment here appealed from, there has been no inquiry or determination whether the prior agreement was "just and equitable" or, if the agreement was not of such quality, in what respects the provisions thereof should be modified. (The incorporation of the separation agreement into the prior judgment was pro forma only, the judge specifically stating that he had made no finding of fact.) Accordingly the judgment in the instant case is reversed and the matter is remanded for findings of fact and conclusions of law as to whether the separation agreement was "just and equitable" and, if not, what disposition will meet that standard. If, on the other hand, a finding is made that the separation agreement was "just and equitable," then the parties should be held to their prior bargain.
We do not retain jurisdiction.