136 N.J. Super. 348 (1975)
346 A.2d 408
RUTH S. SKILLMAN, PLAINTIFF-APPELLANT,
v.
JUNIOR VAN SKILLMAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 22, 1975.
Decided October 6, 1975.
*350 Before Judges ALLCORN, KOLE and GAULKIN.
Mr. William L. Bunting, Jr., attorney for appellant.
Messrs. Mason, Griffin and Pierson, attorneys for respondent (Mr. John A. Hartmann, III, on the brief).
The opinion of the court was delivered by KOLE, J.A.D.
On March 27, 1973, the date of trial of this action for divorce, the parties, at the trial judges suggestion, reached an agreement as to support of two children, alimony and a property settlement. The agreement was set forth and approved by the parties in open court and later incorporated in the divorce judgment of April 23, 1973.
On August 22, 1974 plaintiff by motion sought an increase in child support and alimony and a review of the fairness of the property settlement. The trial judge denied the relief sought. Plaintiff appeals.
From our review of the record we are satisfied that the judge did not err in refusing to grant plaintiff a plenary hearing to determine the need for an increase in alimony and the support of the children. Plaintiff did not make out a sufficient prima facie case of changed circumstances to entitle her to such a hearing with respect to a modification of the provisions to which she had agreed as part of the divorce judgment. See Hallberg v. Hallberg, 113 N.J. Super. 205 (App. Div. 1971).
Plaintiff's argument that the agreement was not freely made and was effected under pressure is without substance. The claimed pressure refers to the fact that the agreement was entered into on the date of trial and the statement by the trial judge that if the parties could not agree, he would have to decide the issues of support, alimony and property distribution. *351 An agreement is not involuntary or "pressured" merely because it was arrived at under these circumstances. Here it was read to plaintiff in open court. She specifically stated that she understood it and that each item therein was satisfactory to her.
There are two changes in circumstances which are claimed to justify an increase in alimony and child support: (1) the two older children not in plaintiff's custody are emancipated or are no longer in college and hence, defendant's expenses are less, and (2) the cost of living has increased.
Where, as here, there has been an agreement as to alimony and support voluntarily entered into less than 1 1/2 years prior to the application for modification, the applicant must demonstrate that enforcement of the agreement would be unconscionable and that the changed circumstances relied on were not contingencies that were, or reasonably should have been, foreseeable or contemplated when the agreement was made. Schiff v. Schiff, 116 N.J. Super. 546 (App. Div. 1971), certif. den. 60 N.J. 139 (1972). The change in the status of the older son and daughter and the increase in the cost of living were, in our view, obviously foreseeable in March 1973 when the agreement was set forth on the record in open court and in April 1973 when the judgment was entered. We see no justification, predicated on the record before us, for an upward adjustment of either alimony or child support or a plenary hearing with respect thereto. See also, Gulick v. Gulick, 113 N.J. Super. 366 (Ch. Div. 1971).[1]
*352 With respect to the property settlement incorporated in the agreement and made part of the judgment, plaintiff contends, in addition to the claim of pressure which we have discussed, that the parties did not consider property inherited by defendant husband because of reliance on the lower court decision in Painter v. Painter, 118 N.J. Super. 332 (Ch. Div. 1972). At the time of the agreement Painter had not been reversed by the Supreme Court. See 65 N.J. 196 (1974). Defendant, on the other hand, claims that he had to bargain away other rights in order to retain his inherited property.
The question thus presented is whether the present settlement agreement involving equitable distribution of property that is part of a divorce judgment, which has not been appealed and with respect to which the appeal period has run, is subject to subsequent court modification merely because it may have been entered into under a view as to the construction of the equitable distribution statute later determined to be erroneous on appeal in another case, Painter, supra.
We hold that this is no basis for modifying the agreement. It is true that the new Divorce Act dealing with equitable distribution applies to cases such as this tried on or after its effective date, September 13, 1971, Chalmers v. Chalmers, 65 N.J. 186 (1974), and that property acquired during marriage, even though acquisition was before September 13, 1971, is subject to such distribution under the statute. See Rothman v. Rothman, 65 N.J. 219 (1974).[2]
*353 We perceive no justification for a retroactive application of the Supreme Court's determination in Painter with respect to equitable distribution of inherited property where, as here, the parties have agreed to the terms of the property distribution and incorporated such agreement in an unappealed judgment of divorce. They are bound by their agreement. Rather than having agreed to such a settlement at the time of the divorce, plaintiff could have permitted the court to adjudicate the rights of the parties in this respect and, if dissatisfied, could have taken an appropriate appeal. The trial judge here may or may not have followed the lower court's decision in Painter.
A retrospective application of the Supreme Court's interpretation of the equitable distribution provisions of the new Divorce Act in a case such as this would upset transactions where contract and property rights have vested and parties have failed to pursue the right of appeal. It would impose undue burdens on the courts, not justified by any substantial public policy considerations. To the contrary, firmly established principles favoring the settlement of controversies and of res judicata, as well as applicable considerations in determining whether an interpretation of law by judicial decision should be applied retroactively, in our opinion dictate the result we reach on the facts of this case. See Johnson v. State, 18 N.J. 422, 429 (1955), cert. den. 350 U.S. 942, 76 S.Ct. 318, 100 L.Ed. 822 (1956); Honeywell v. Bubb, 130 N.J. Super. 130 (App. Div. 1974); Bauer v. Griffin, 104 N.J. Super. 530, 545 (Law Div. 1969), aff'd 108 N.J. Super. 414 (App. Div. 1970), certif. den. 56 N.J. 245 (1970). See also, State v. Nash, 64 N.J. 464 (1974); Darrow v. Hanover Tp., 58 N.J. 410 (1971); Willis v. Dept. of Cons. & Ec. Dev., 55 N.J. 534 (1970); State v. Koch, 118 N.J. Super. 421 (App. Div. 1972); Oxford Consumer Dis. Co. of N. Phila. v. Stefanelli, 104 N.J. Super. 512, 520-521 (App. Div. 1969), aff'd 55 N.J. 489 (1970), app. dism. 400 U.S. 808, 91 S.Ct. 45, 27 L.Ed.2d 38 (1970); *354 Zeppi v. State, 203 Cal. App.2d 386, 21 Cal. Rptr. 534 (D. Ct. App. 1962); Curtes v. Barby, 366 P.2d 616 (Okl. Sup. Ct. 1961).
Unlike the situation in Carlsen v. Carlsen, 131 N.J. Super. 34 (App Div. 1974), certif. granted 67 N.J. 94 (1974), it is evident from the parties' briefs and the record that here (1) the trial judge knew and approved of the terms of the settlement agreement and did not find it unjust or inequitable, and (2) the agreement was reached with reference to the equitable distribution provisions of the new Divorce Act.
We find no merit the equal protection argument raised by plaintiff.
Affirmed.
NOTES
[1] We note that plaintiff made the following statement in her brief: "As this court noted in the prior appeal involving these same parties, Docket No. A 161-73, the case of Schiff v. Schiff, supra, is not applicable to the facts of this case." We have reviewed the opinion of October 17, 1974 in that matter and find that this statement is misleading. The only issue there before us was the correctness of the trial court's modification of the provisions of the divorce judgment relating to the method of selling certain property included in the agreement. We held that Schiff was inapplicable, since it related to modification of support payments provided in a separation agreement incorporated in a divorce judgment, and said: "We are not here concerned with a modification of support payment but with provisions of the judgment of divorce which pertain to the prospective sale of mutually owned property." Indeed, we further stated that the judgment of divorce "indicates it was intended to effectuate an equitable distribution of the real and personal property acquired by the parties during the marriage pursuant to N.J.S.A. 2A:34-23."
[2] The result in Rothman was called for as an exception to the general rule against statutory retroactivity because otherwise the new law would be difficult to apply and its effect would not be felt for at least a generation.