153 N.J. Super. 226 (1977)
379 A.2d 473
ELIZABETH ANN GANTHER, PLAINTIFF-RESPONDENT,
v.
ROBERT J. GANTHER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1977.
Decided October 17, 1977.
*228 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. David J. Meeker argued the cause for appellant (Mr. Meeker, attorney; Mr. John L. Conover on the brief).
Ms. Joan M. Donnelly argued the cause for respondent (Messrs. Russo, Tumulty & Nester, attorneys; Mr. Joseph S. Nester, of counsel).
The opinion of the court was delivered by MICHELS, J.A.D.
Defendant husband appeals from an order of the Chancery Division which, in part, granted plaintiff wife's application for a modification of a property settlement agreement included in a judgment of divorce and for other relief pursuant to R. 1:10-5.
The judgment of divorce in this case, which was entered on April 13, 1972, included a property settlement agreement which provided for the sale of the marital residence and the division of the proceeds thereof after payment of existing liens as well as the repayment of an outstanding bank loan secured by stock owned by plaintiff. The net proceeds of the sale were to be distributed on the basis of 30% to plaintiff *229 and 70% to defendant. The judgment also awarded plaintiff custody of Barbara Jean Ganther, one of the infant children born of the marriage, and ordered defendant to pay to plaintiff $50 a week for the child's support and maintenance as well as the support and maintenance of the other two infant children of the marriage.
No useful purpose would be served by reviewing the entire factual and procedural history which followed the entry of judgment. It is sufficient to observe that when defendant failed to comply with the support provisions of the judgment, plaintiff eventually moved pursuant to R. 1:10-5 for an order in aid of litigant's rights to compel defendant, among other things, to pay the arrearages due for support and maintenance of the infant children. By way of an affidavit filed in support of the motion plaintiff also sought to modify a portion of the property settlement agreement included in the judgment of divorce by providing for an equal division of the net proceeds of the sale of the marital residence after repayment of the principal and interest on the previously referred to loan. Plaintiff claimed that the property settlement agreement should be modified because she had to pay the interest and carrying charges on the loan from the date of the divorce. She also claimed at the hearing on the motion that she agreed to the 30  70 division of the proceeds of the marital residence because she wanted the loan against the stock which she had inherited from her father paid off and assumed that the sooner the divorce was over the sooner she would get her mental health back.
At the conclusion of the hearing the trial judge found that defendant was in arrears in support and maintenance payments and entered judgment against him in the sum of $2,495. Since the judge found both parties equally responsible for delaying the sale of the marital residence, he ordered each party to pay one-half of the interest charges incurred on the bank loan from the date of the divorce until the loan is repaid. The judge further ordered that plaintiff be reimbursed one-half of those interest charges from the proceeds *230 of the sale, and directed that the parties immediately take all necessary steps to sell the marital residence. The trial judge then amended the judgment by dividing the net proceeds of the sale equally between plaintiff and defendant. Finally, the judge found that defendant had "willfully, consciously and intentionally violated litigant's rights by failing to make the payments for Barbara Jean," and ordered defendant to deposit sufficient funds to guarantee the support and maintenance payments for two years with the Morris County Probation Department. Defendant appeals.
We find no merit in defendant's claim that the trial judge erred in awarding plaintiff one-half of the interest payable on the stock loan and in finding that defendant violated the litigant's rights by failing to pay support for Barbara Jean Ganther. A review of the record discloses substantial credible evidence to reasonably warrant the findings and conclusions of the trial judge with respect to these issues, and we discern no good reason or justification for disturbing them. Accordingly, we affirm those portions of the order of the Chancery Division which awarded plaintiff one-half the interest charged to the stock loan from the date of the divorce up to and including the date of repayment of the loan and ordered defendant to deposit with the Morris County Probation Department sufficient funds to secure his obligation to pay the support for Barbara Jean Ganther for a two-year period.
However, the trial judge erred in modifying the property settlement agreement included in the judgment of divorce. The parties had agreed, as part of the property settlement, that the proceeds of the sale of the marital residence were to be divided on a 30  70 basis. They and their respective counsel placed the terms of the settlement on record in open court. The trial judge approved the property settlement agreement and thereafter he included the terms thereof in the judgment of divorce. No appeal was taken from that judgment, and plaintiff never sought to reopen the judgment and set aside that portion thereof which included the property *231 settlement agreement pursuant to R. 4:50-1. See Palko v. Palko, 73 N.J. 395 (1977). Beyond this, plaintiff does not claim now, more than four years after the entry of the judgment, that the property settlement agreement included therein was procured unfairly or by fraud, misconduct or the like, and there is nothing in the record before us to suggest any other reason as contemplated by R. 4:50-1(f) justifying relief to either plaintiff or defendant from the operation of the judgment.
The agreement unquestionably qualifies as a property settlement agreement within the standards enunciated in Smith v. Smith, 72 N.J. 350, 358 (1977), and Carlsen v. Carlsen, 72 N.J. 363, 369-370 (1977), both of which cases held that support agreements were subject to modification under certain circumstances. The present agreement "undertakes in a significant way to effect a division of the marital assets" and is not merely a support agreement. The agreement included in the judgment of divorce, ostensibly was just and equitable and therefore enforceable in equity. Cf. Carlsen v. Carlsen, supra at 370-371; Berkowitz v. Berkowitz, 55 N.J. 564, 569 (1970); Schlemm v. Schlemm, 31 N.J. 557, 581-582 (1960). Since the time within which to appeal from the judgment of divorce has expired without an appeal having been taken, and since the judgment has not been sought to be reopened and set aside pursuant to R. 4:50-1, the property settlement agreement included in the judgment is binding upon and enforceable against both plaintiff and defendant, and the trial judge lacked the power to modify it. Cf. Skillman v. Skillman, 136 N.J. Super. 348, 352-354 (App. Div. 1975). A judgment declaring a division of capital assets between spouses has the same solemnity as any other judgment for purposes of the applicability of R. 4:50-1 when an attempt to open such a judgment is made.
Accordingly, that portion of the order of the Chancery Division modifying the property settlement agreement included in the judgment of divorce is reversed. Except as so modified, the order of the Chancery Division is affirmed.