**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5737-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARK PLASKON,

     Defendant-Appellant.

_____

Submitted May 14, 2020 – Decided June 17, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 18-004.

Faegre Drinker Biddle & Reath LLP, attorneys for appellant (Edward J. Scarillo, Jr. and Matthew Dennis Fielding, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant Mark Plaskon appeals the August 1, 2018 order of the Superior Court denying his municipal court appeal. Defendant was sentenced to thirty days in jail for violating an order that required him to remove a structure he erected without obtaining a permit and for failing to perform community service in lieu of fines. He was ordered to cooperate with the structure's removal and pay $3165 in fines. We affirm, but vacate the term of incarceration.

I.

Without obtaining a building permit or special use variance, defendant erected an accessory shed-type structure in the backyard of his mother's house— where he also resided—to be used for his nascent business of giving golf lessons. The neighborhood was residential, consistent with its zoning. Pequannock Township issued summonses and complaints to defendant for operating a home occupation that was not permitted under Township Ordinance 189.07.020(A), for erection of an accessory/shed structure without a zoning permit in violation of Ordinance 189.11.040(B), and a penalty collection action under N.J.S.A. 2A:58-10 for construction without a permit. On January 25, 2016, defendant was found guilty in municipal court and sentenced to pay over $62,000 in fines

and penalties.[1]  The fines and penalties continued to accrue weekly for non-compliance.

Defendant's appeal to the Law Division was dismissed in August 2016, when he and his mother reached a settlement with the Township.  Under the Stipulation of Settlement,[2] defendant agreed that within ninety days, he would "secure a decision on an application to the Township of Pequannock . . . for zoning approval for the construction and use of the additional structure/building . . . ."  He was to file a completed application in forty-five days.  If approved, defendant agreed to take action to obtain a building permit.  If the zoning approval or building permit were denied, defendant agreed to remove the shed.  If the approvals were obtained or the structure was removed, the Township agreed all fines and penalties would be vacated and the appeal would be withdrawn.  If defendant did not demolish the structure, the fines and penalties against defendant would continue to accrue and defendant would be responsible for legal fees.  The Township was authorized to file a separate enforcement action.  The parties agreed they had legal advice, understood their rights, had

---

[1]  A transcript of that proceeding was not provided.

[2]  Defendant's mother also signed the Stipulation.

A-5737-17T3

ample time to consult with counsel and review the Stipulation, and that they signed freely and voluntarily.

Defendant did not make an application for a building permit nor remove the structure, and the matter was returned to the municipal court in December 2016. The municipal court judge found defendant violated the Stipulation, ordering defendant to perform sixty days of community service. A $3164 fine was imposed.

Over the next year, defendant did not apply for a permit, remove the structure, attend scheduled intake appointments for, or perform, any community service. The Morris County Probation Division therefore requested that defendant's community service requirement be converted to a jail term.

At the January 2018 municipal court hearing, defendant explained he did not attend community service because his mother threw out his paperwork and he then forgot about it. He claimed he had "short term memory problems" from a car accident, and also was addressing medical issues involving other family members. He said he was the sole caregiver for his mother.

The municipal court found defendant "violated the terms of the Stipulation . . . paid no fines . . . [and] performed no [c]ommunity [s]ervice . . . ." Defendant was ordered to serve sixty days in the county jail, but this was stayed for twenty

days to permit defendant to appeal. Defendant was given fourteen days to remove the structure. If he did not, the Township was authorized to remove the shed.

Defendant appealed to the Law Division. His counsel asked for more time to comply because defendant obtained a survey of the property and saved some of the money needed for the application. In a de novo hearing based on the municipal court record, the Superior Court judge found defendant's "argument [that] he did not have enough time to complete his community service" to be "without merit." Rather, he simply wanted to "dictate to the court" what he would or would not do.

The court sentenced defendant to thirty days in jail for violating the August 5, 2016 order, failing to remove the structure, failing to perform any community service "in lieu of paying the court-ordered fines resulting from his violation of the August 5, 2016 [o]rder" and then not authorizing the Township to remove the structure. The jail sentence was to be served through the Sheriff's Labor Assistance Program. Defendant was to cooperate with the Township in removing the structure. The order required defendant to pay fines of $3165. Defendant's request for a stay was denied because it was not probable he would be successful on the merits.

A-5737-17T3

Defendant appeals the August 1, 2018 order. He contends:

> II. THE IMPOSITION OF MORE THAN $250,000 IN FINES FOR MR. PLASKON'S NON-VIOLENT OFFENSE VIOLATES HIS EIGHTH AMENDMENT AND NEW JERSEY CONSTITUTIONAL RIGHTS.
>
> 1. The Eighth Amendment and the New Jersey Constitution Forbid Excessive Fines from Being Imposed.
>
>     A. Mr. Plaskon's Fines Are Unconstitutionally Disproportionate to the Nature of his Convictions.
>
> III. THE MUNICIPAL COURT VIOLATED MR. PLASKON'S RIGHT TO A TRIAL BY JURY.
>
> IV. THE LOWER COURTS FAILED TO CREATE A RECORD CONCERNING THE VOLUNTARINESS OF MR. PLASKON'S SETTLEMENT.
>
> V. THE CUMULATIVE EFFECT OF THESE ERRORS PREJUDICED MR. PLASKON.

## II.

On appeal, we "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citing State v. Joas, 34 N.J. 179, 184 (1961)). Under Rule 3:23-8(a)(2), the Law Division may make independent findings of fact and conclusions of law de novo, based on the record from the municipal court. On appeal, we determine "whether the findings made could reasonably have been reached on sufficient

A-5737-17T3

credible evidence present in the record." State v. Locurto, 157 N.J. 463, 471 (1999). Our review of legal determinations is plenary. See State v. Handy, 206 N.J. 39, 45 (2011).

Defendant contends he was fined more than $250,000. He argues this violates his constitutional rights because the fines are disproportionate to the offense.[3]

The record does not support defendant's argument; the Law Division judge imposed a $3165 fine. The court stated:

> The Court: But the other financial penalties which totaled tens of thousands of dollars --
>
> Mr. Galante: It's over $250,000 now, but I don't know if the house is worth it.
>
> The Court: And I understand the township is not seeking it, and with that position, I'm not imposing it. Okay.

The fines that were imposed in 2016 were converted to a community service requirement and then to a jail term in order to obtain defendant's cooperation in razing the structure. The Morris County Prosecutor has not indicated it is

---

[3] This issue was not raised in the Law Division, although there is some reference to the fines generally in the municipal court transcript.

continuing to pursue these larger amounts.[4]  Defendant does not challenge the $3165 fine nor is this amount excessive on the facts of this case.

Defendant argues for the first time on appeal that the municipal court did not advise him in January 2018 of his right to a jury trial.  We do not address issues that were not raised before the trial court.  See State v. Witt, 223 N.J. 409, 419 (2015) ("For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'"  (quoting State v. Robinson, 200 N.J. 1, 20 (2009))); see also Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014).  We note, however, that for a petty offense, there is no right to a trial by jury.  See State v. Denelsbeck, 225 N.J. 103, 111 (2016).

Defendant argues he did not enter into the Stipulation voluntarily.  In his brief and without citation to the record, he claims he was pressured to settle by the Township at the same time he was handling other issues of a personal nature. Although represented by counsel at the time, defendant argues he did not sign the Stipulation when his attorney was present.  He claims the Township was selectively enforcing its zoning requirements.

---

[4]  The Township did not file a brief in this appeal.

The arguments lack support in the record. Defendant never made these specific arguments. Moreover, the Stipulation was entered in 2016, and defendant never moved to vacate it. The Stipulation expressly provided he had the advice of an attorney before he entered into it. The fact his counsel was not present when he signed it is not relevant to whether he did so voluntarily. The pressure of litigation is not a basis to find a settlement involuntary. See generally Skillman v. Skillman, 136 N.J. Super. 348, 350-51 (App. Div. 1975).

Defendant does not challenge the jail term portion of his sentence on appeal. This may be because he served the sentence, which was not stayed, or because the structure has been razed, and the Prosecutor is no longer pursuing incarceration to compel compliance. The Prosecutor has not submitted a brief to inform us of its position. Given the representation the structure has been removed, which was the Township's primary objective, we find the need for incarceration to compel compliance to be mooted by the circumstances, and vacate that portion of the August 1, 2018 order. See Wisniewski v. Murphy, 454 N.J. Super. 508, 518 (2018) (providing that "[a]n issue is considered 'moot when our decision . . . can have no practical effect on the existing controversy.'" (quoting Redd v. Bowman, 223 N.J. 87, 104 (2015) (alteration in original))).

We conclude that defendant's further arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed in part and vacated in part.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5737-17T3